McNAMEE v. BOROUGH DEVELOPMENT CO. et al.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

1. TRIAL (§ 159*)—LACK OF EVIDENCE—DISMISSAL OF COMPLAINT.

In an action against two defendants for personal injuries, where there was no evidence which justified submitting the liability of one of the defendants to the jury, it was proper to dismiss the complaint as to that defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 365; Dec. Dig. § 159.*]

2. NEGLIGENCE (§ 134*)—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for personal injuries from being struck on the head by a falling plank, evidence *held* insufficient to show negligence on the part of defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 267; Dec. Dig. § 134.*]

Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by James McNamee against the Borough Development Company and the Andrew Greis Company. From a judgment dismissing the complaint as to the Andrew Greis Company, and for plaintiff against the Borough Development Company, the plaintiff and the Development Company appeal. Reversed, and new trial ordered as to the Development Company, and affirmed as to the Greis Company.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James A. Blanchfield and Myron C. Cramer, for appellants.
James B. Henney, for respondents.

WOODWARD, J. The plaintiff in this action was employed by the city of New York as a driver of a dump cart, used in gathering

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ashes. On the 18th day of January, 1909, a new dumping place was opened; the Borough Development Company being the lessee of the premises. This dumping place consisted of a platform about 80 feet long and 27 feet wide, covered with a metal roofing, and approached by an incline rising about 5 feet in 100; this incline being 180 feet in length. On the day in question the plaintiff with a loaded cart drove up this incline, and, just as he was about to enter upon the platform at the top of the incline, a plank, which had been standing on the left-hand side of the runway, fell, striking him upon the head, producing more or less serious injuries. The action was brought against the Borough Development Company and the Andrew Greis Company, the latter having had charge of the iron work upon this structure, which was opened for use on the day of this accident; the theory being that the latter company had placed this plank, and that the Borough Development Company had permitted it to remain, in a dangerous situation long enough to have had notice. The learned trial court permitted the case to go to the jury as to both defendants, overruling motions to dismiss the complaint, but, after the jury had returned a verdict against both defendants, granted the motion to dismiss the complaint as to the Andrew Greis Company. The plaintiff appeals from so much of the judgment as releases the latter from liability, and the Borough Development Company appeals from the judgment against it.

We think there was no evidence which justified submitting the liability of the Andrew Greis Company to the jury, and that the court properly granted the motion to dismiss as to this company. We are equally persuaded that the evidence did not justify the verdict of the jury in this case; that there was no evidence from which the negligence of the defendant could be spelled out. The uncontradicted evidence in this case is to the effect that along this runway, on the left-hand side, was a stick of timber 12x12 inches, designed to prevent carts from running over the side; that upon the outside of this stringer was constructed a guard rail about 4 feet high, taking up little, if any, of the 12-inch surface space of the stringer, and that, near the point where the runway reached the covered shed at the top, an 8-inch plank had been spiked to this stringer with two or three 7-inch spikes, and that this plank extended to the roof of the shed, and was used in lieu of a ladder. It may be gathered from the evidence that this plank was equipped with cleats at intervals, and was what is sometimes known as a "chicken ladder," and the witnesses agree that this plank had been used by the workmen, both iron workers and carpenters, to reach the roof of the shed. The evidence is uncontradicted, also, that this plank did not project out over the right-hand edge of the stringer, but was tight up to the guard rail on the outside, though whether there was any nailing at the top does not appear. It is entirely evident, therefore, that the plank, as placed and fastened with these two or three 7-inch spikes, and as used by the workmen, could not have fallen without some intervening agency; and two disinterested witnesses testify, without direct contradiction, that there was a cart upon this dumping board ahead of the plaintiff, and that after dumping his load he turned and drove out, and that the right-hand wheel of this car was run up on the

12x12 stringer, and that the hub hit this plank and tore it down, and that it fell upon the tail of the cart driven by the witness, and then down onto the plaintiff, who was just driving in on the right-hand side.

It is true that some of the witnesses testify that they did not see any other carts coming down at the time of the accident; but the evidence discloses that they either were not in a position to see, or that their attention was not directed to the other side of the runway, and the evidence of the two witnesses who were in a position to see, and who testify in harmony with the known facts, is practically without dispute. One of these witnesses was the driver of the cart which knocked the plank down, and the other was a man who was employed by the defendant the Borough Development Company to watch the disposition of the garbage, and who was upon the platform, and who immediately thereafter inspected the plank, and found the spikes in it which had been used to fasten the plank. This part of the evidence is absolutely without dispute, and the mere negative testimony that witnesses saw no other cart coming down, disputed as it is by the plaintiff himself, who testifies that there was a cart ahead of him on the dump, cannot be permitted to overcome the positive evidence disclosing a rational cause for the accident. A plank standing at an angle which could be practically used as a ladder, fastened at its base by two 7-inch spikes, does not fall down without some adequate cause. The defendant shows an adequate cause in the striking of this plank near its base by the hub of an ash cart, driven by one of the plaintiff's fellow laborers, and there is no effort to dispute the testimony of this driver, who is corroborated by the defendant's inspector, and, in a measure, by the plaintiff himself, for he says that there was a cart ahead of him on the dumping board. The plaintiff makes no effort to show the cause of the plank falling. The defendant accepted the burden of showing what produced the accident, and the evidence is so overwhelming in support of the defendant's explanation, in which there was no negligence on its part, that it would be a miscarriage of justice to permit this judgment to stand.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event, as to the defendant Borough Development Company, and the judgment should be affirmed, with costs, as to the defendant the Andrew Greis Company.

JENKS, RICH, and MILLER, JJ., concur. HIRSCHBERG, P. J., dissents.